# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number:  **11-01798-dd**

## ORDER ON MOTION TO AVOID JUDICIAL LIEN

The relief set forth on the following pages, for a total of 7 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**09/30/2011**



Entered: 10/03/2011

David R. Duncan
US Bankruptcy Judge
District of South Carolina

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

IN RE:

Vincent Victor Scotti and
Marguerite Suzanne Scotti,

Debtors.

C/A No. 11-01798-DD

Chapter 7

**ORDER ON MOTION TO AVOID**
**JUDICIAL LIEN**

This matter is before the Court on a Motion to Avoid Judicial Lien ("Motion") filed by

Vincent Victor Scotti and Marguerite Suzanne Scotti ("Debtors") on July 6, 2011.  No objections

to Debtors' Motion were filed.  A hearing was held September 13, 2011.  At the conclusion of

the hearing, the Court gave Debtors ten (10) days to brief the issues and took the matter under

advisement.  Debtors did not submit a brief.  After the Court's further consideration of the issues,

the Court now issues this Order.

Debtors filed for chapter 7 protection on March 18, 2011.  Debtors' Schedule D discloses

a total of $197,123 in secured debt, consisting of two mortgages on Debtors' residence in a total

amount of $85,723 and a judicial lien, the subject of this Order, in the amount of $111,400.

Debtors' residence is a single-family home in Columbia, South Carolina with a value listed on

Schedule A as $160,000.  The residence is owned in Mrs. Scotti's name only; however, the two

mortgages on the home, as well as the judicial lien, are joint obligations.    Debtors have

attempted to claim an exemption in their residence of $74,277.   Debtors argue that this

exemption amount is proper because it represents a $49,875 exemption for Mr. Scotti and a

$24,402 exemption for Mrs. Scotti.[1]

11 U.S.C. § 522(f)(1) provides:

---

[1] While the maximum available  homestead exemption in South Carolina is $53,375, Debtors' Amended Schedule C
shows both debtors have used the wildcard exemption to allocate $3,500  each of unused homestead exemption to
Debtors' 2009 tax refund.

Notwithstanding any waiver of exemptions but subject to paragraph (3) [not applicable here], the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is – (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5).

Section 522(f)(2)(A) provides a formula for calculating whether a lien may be avoided.  It states:

For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of –
(i)      the lien;
(ii)     all other liens on the property; and
(iii)    the amount of the exemption that the debtor could claim if there were no liens on the property;
exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Debtors must show entitlement to the $74,277 exemption in real property in order to avoid the full amount of the judicial lien.  Debtors argue that both Mr. and Mrs. Scotti are entitled to take an exemption in the residence, despite Mr. Scotti's lack of ownership interest in that property.

Debtors argue that Mr. Scotti's possessory interest in the home is sufficient to entitle him to an exemption in the property.  Debtors base their argument on the language of 11 U.S.C. § 522 (a)(1) and S.C. Code § 15-41-30.[2]  Section 522(a)(1) of the Bankruptcy Code defines "dependent" as "includ[ing] spouse, whether or not actually dependent."  S.C. Code § 15-41-30(A)(1) provides for an exemption in "the debtor's aggregate interest, not to exceed fifty thousand dollars in value, in real property or personal property that the debtor or a *dependent of the debtor* uses as a residence." (emphasis added).  Relying on these two sections, Debtors argue that Mr. Scotti is a dependent of Mrs. Scotti and that he is entitled to take an exemption in addition to that taken by Mrs. Scotti.  Alternatively, Debtors argue that Mr. Scotti is the "debtor," and his possessory interest enables him to take a homestead exemption in the property.  Because

---

[2] South Carolina has opted out of the federal exemptions; as a result, the federal exemptions are not available to a South Carolina debtor. *In re Patel*, 431 B.R. 682, 686 (Bankr. D.S.C. 2010).

Mrs. Scotti owns the property, Debtors argue that she can also take an exemption in the property

in order to, in combination with Mr. Scotti's exemption, take up to the statutory maximum

exemption of $100,000.  *See* 15-41-30(A)(1).

The South Carolina homestead exemption statute is based on the federal exemption

statute, section 522(d)(1).  As a result, case law discussing section 522(d)(1) is instructive here.

Courts have commonly held that in order to take an exemption in property, a debtor must have an

ownership interest in that property.  *In the Matter of Cunningham*, 5 B.R. 709, 710–11 (Bankr.

D. Mass. 1980).[3]  In *Cunningham*, the Bankruptcy Court for the District of Massachusetts was

presented with a situation strikingly similar to the situation presented to this Court.    In

*Cunningham*, the real property that the debtors used as their residence was owned solely by Mrs.

Cunningham.  *Cunningham*, 5 B.R. at 710.  Despite this, Mr. Cunningham attempted to claim an

exemption in the property, based on the argument that section 522(d)(1) allowed him, as a

dependent of Mrs. Cunningham, to take an exemption in real property he used as his residence.

*Id.*  The court rejected this argument, stating:

> The debtor is overlooking the fundamental expression and dispositive wording of
> § 522(d)(1) by ignoring the "aggregate interest" language.  They [sic] key word is

---

[3] *See also In re Cohen*, 263 B.R. 724, 726-28 (Bankr. D.N.J. 2001); *In re Asghar*, No. 96-15195-SSM, 1997 WL 34816024, at *4, n.7 (Bankr. E.D. Va. Feb. 11, 1997) (citing numerous cases which hold, in several contexts, that a debtor "must actually own property in order to exempt it"); *In re Hartman*, 211 B.R. 899, 903 (Bankr. C.D. Ill. 1997) (holding, despite contrary authority, that husband debtor with a mere possessory interest was not entitled to claim a homestead exemption, and stating, "It is a fundamental tenet of the law of exemptions that the debtor must have an ownership interest in the property before an exemption may be claimed.  A long line of Illinois cases has required that a debtor have title or some ownership interest in property in order to claim a homestead exemption. Other courts deciding the issue under the federal exemption scheme have held that the key word is 'interest' and that an interest in real property up to a specified amount implies a monetary interest more than just one spouse's right to reside with the other.") (internal citations omitted); *In the Matter of Freund*, 32 B.R. 622, 623 (Bankr. W.D. Wis. 1983)  ("Pursuant to 11 U.S.C. § 522(b), each joint petitioner may exempt certain property from their individual bankruptcy estates.  An exemption is personal in nature and can only be asserted by or on behalf of the debtor. Because [wife debtor] has no interest in the estate of Eveyln Freund, all of [husband debtor's] bequest is property of [husband debtor's] bankruptcy estate.  Only [husband debtor] or a dependent on his behalf may claim his interest in his mother's estate to be exempt under 11 U.S.C. § 522(d)(5).  Because [wife debtor] had no interest in the inheritance prior to bankruptcy, her bankruptcy estate has no claim to the inheritance and no exemption of the inheritance can be claimed by her or on her behalf."); *In the Matter of Trotta*, 12 B.R. 843, 845 (Bankr. D. Conn. 1981) (finding that husband debtor who did not have any ownership interest in real property did not have "such an interest as to permit him to claim his exemptions under § 522(d)(1) and (5)").

>  interest.  An interest in real property up to $7,500 implies a monetary interest,
>  more than just a right.  The case at bar offers no evidence of monetary interest or
>  any rights in the property.  The ownership is in the wife's name only.  Also, I
>  cannot agree with the debtor's line of reasoning that because he is a dependent of
>  the debtor he somehow accedes to her interest and can apply his exemption rights
>  to her property.  Following such reasoning to its logical conclusion would stretch
>  the language beyond its intended meaning.

*Id.* at 711.

Another court in this Circuit addressed an argument regarding a potential equitable

distribution interest and found that such an interest was also not sufficient to allow the debtor to

claim an exemption in property.  The wife debtor argued that she was entitled to claim an

exemption in her husband's life insurance policy because under state law, if the parties were to

get a divorce, she would have an equitable interest in the property's cash value.  *In re Asghar*,

No. 96-15195-SSM, 1997 WL 34816024, at *2 (Bankr. E.D. Va. Feb. 11, 1997).  The court

examined a previous case in which a similar argument was presented, and in which the court

ultimately held that the wife debtor could not exempt property which she did not own.  *Id.* at *3

(discussing *In re Wilkinson*, 100 B.R. 315 (Bankr. W.D. Va. 1989)).  The *Asghar* court agreed

with the result in *Wilkinson,* stating:

>  This court . . . concludes that in order to exempt property, not only must
>  the property be part of the bankruptcy estate under § 541, the debtor claiming the
>  exemption must *own* the property, or have an interest in the property.  A mere
>  expectancy of an equitable interest in a divorce is not enough to support an
>  exemption in bankruptcy.

*Id.* at *4 (emphasis original).

Other courts addressing a debtor's attempt to take an exemption despite a lack of

ownership interest have reached the same result.  These courts often focus on the fact that when a

husband and wife file a joint bankruptcy petition, their estates remain separate unless the court

orders otherwise.  *See In re Cohen*, 263 B.R. 724, 726 (Bankr. D.N.J. 2001); *Asghar*, 1997 WL

34816024, at*3; *In the Matter of Freund*, 32 B.R. 622, 623 (Bankr. D. Wis. 1983).  As a result,

that property which is owned only by one debtor remains solely in that debtor's bankruptcy

estate and is not included in the joint debtor's estate.  Exemptions available to each debtor, then,

are only available for the property in that debtor's estate; a debtor may not take exemptions for

property in his co-debtor's estate if that property is not jointly owned and thus included in his

estate also.  This logical result is made clearer by an illustration: if a debtor who resides in, but

does not own, real property files a case on his own, would there be any question as to whether

the real property is property of his bankruptcy estate?  The answer, clearly, is no, at least absent

some other interest or claim of right. It follows that the debtor would have no available

exemption in real property, because the ability to claim an exemption only arises with respect to

property of a debtor's estate.  The same is true for joint filers with separate bankruptcy estates.

        South Carolina case law interpreting an earlier exemption provision also supports this

result.  In *Gibbs v. Hunter*, 99 S.C. 410, 83 S.E. 606 (1914), a son holding a vested remainder

interest in property challenged the sale of the property by the sheriff based on his claimed

homestead exemption.  The South Carolina Supreme Court found that the son was entitled to an

exemption, based on his interest in the land, and found that the sale was void based on the son's

homestead exemption. *Id.*  In so finding, the court stated that the right to claim an exemption is

tied to an ownership interest in the land.  *Id.*  Thus, South Carolina law requires an ownership

interest as a prerequisite to a homestead exemption.

         In sum, to be entitled to a homestead exemption, a debtor must have an ownership

interest in the property he seeks to exempt; a mere possessory or potential equitable distribution

interest is not sufficient.  Nor does the inclusion of the word "dependent" in the statute affect this

result.  The purpose of this inclusion is to exempt the property interest of a debtor if the debtor or

a dependent of the debtor uses the property as a residence.  The debtor need not reside on the property as long as a dependent does.  The use of the property by both the debtor and a dependent does not, however, increase the amount of exemption available to the debtor.  *See Freund,* 32 B.R. at 624 ("It should be noted that 11 U.S.C. § 522(d) provides that if a debtor does not claim his or her exemptions a dependent of the debtor may claim them on the debtor's behalf.  This provision does not apply in the present case because [husband debtor] has claimed as much of the inheritance as he can exempt.  [Wife debtor] would only be able to claim an exemption for [husband debtor] if he did not claim it for himself."); AmJur Bankruptcy § 1416 (2011) ("The provision that a dependent of a debtor may claim exemptions on the debtor's behalf is not applicable where the debtor has claimed the full extent of the exemption.").

For the reasons set forth above, Mr. Scotti is not entitled to a homestead exemption in the residence where Debtors live.  However, Mrs. Scotti is entitled to an exemption under S.C. Code § 15-41-30(a)(1) of up to $53,375, the maximum allowable exemption for a single owner, less the $3,500 Mrs. Scotti allocated to her 2009 tax refund.  This leaves Mrs. Scotti with an exemption of $49,875.[4]  Using this exemption in the formula set forth by section 522(f), $86,998 of the judicial lien is avoidable.  $24,402 of the judicial lien is not avoidable and will remain attached to the property.  Debtors' Motion is granted in part.  $86,998 of the $111,400 judicial lien is avoided.

AND IT IS SO ORDERED.

---

[4] Mrs. Scotti did not actually claim this amount of exemption.  *See* pg 1, *supra.*  However, she is entitled under South Carolina exemption law to take an exemption of up to $49,875, representing the maximum allowable exemption less the amount of exemption allocated to her tax refund.  Because a lien avoidance calculation should be based on the amount of exemption to which a debtor is entitled rather than the amount of exemption the debtor has actually taken, the Court, in assessing the avoidability of the judicial lien presently at issue, will use $49,875.  *See Botkin v. DuPont Comm. Credit Union*, 650 F.3d 396, 2011 WL 2307638, at *4 (4th Cir. June 13, 2011).